IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JELENA L. HOSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO.: _____ |
| SOUTHWEST GEORGIA VICTIM'S ) | |
| ASSISTANCE ALLIANCE, INC. and ) | |
| MARGARET McGRUTHER, ) | |
| ) | |
| Defendants,. ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, JELENA L. HOSTON, ("Plaintiff"), by and through her undersigned counsel, under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1981, as amended, hereby pleads certain causes of action and files this Complaint to show as follows:

### PRELIMINARY STATEMENT

1.

This action seeks equitable relief, compensatory and punitive damages, and attorney's fees and costs for violations of 42 U.S.C. §§ 1981, as amended, and the American Disabilities Act (A.D.A.), racial discrimination, retaliation, and intentional

interference with employment relations suffered by Plaintiff JELENA L. HOSTON when she was employed by and ultimately terminated by the SOUTHWEST GEORGIA VICTIM'S ASSISTANCE ALLIANCE, INC. in conjunction with the decisions, guidance and efforts of its executive director, MARGARET McGRUTHER.

### JURISDICTION

2.

This action arises under the Reconstruction Era Civil Rights Act, codified at 42 U.S.C. §§ 1981, as amended, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. and the common law of the State of Georgia.

3.

Equitable relief is sought pursuant to 42 U.S.C. §§ 1981, as amended, and 2000e-5(g), and all of her claims brought under the laws of the State of Georgia.

4.

Compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 1981, as amended, and all of her claims brought under the laws of the State of Georgia. Costs and attorney's fees are to be awarded pursuant to 42 U.S.C. § 1988 and 2000e-5(k).

5.

On or about March 8, 2022 Plaintiff received from the U.S. Equal Employment Opportunity Commission (E.E.O.C.) a right-to-sue letter as to her claim in connection with A.D.A. violation, a copy of which is attached as "Exhibit A", is being filed with this lawsuit against this defendant within the 90-day period allowed by law.

### VENUE

6.

The venue of this action properly lies in this Court, because the claim arose in Sumter County, Georgia because the unlawful employment practices were committed in this county of Georgia and because the defendant operates a business in Sumter County, Georgia.

### PARTIES

7.

Plaintiff is an African-American female citizen and a resident of Sumter County, Georgia.

8.

Defendant SOUTHWEST GEORGIA VICTIM'S ASSISTANCE ALLIANCE, INC. (hereinafter "Defendant AGENCY"), is a domestic corporation authorized to

transact business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant AGENCY, which is located at 411 W. Forsyth Street, Americus, Georgia, may be served by delivering a copy of the Summons and Complaint to its agent for service of process, MARGARET McGRUTHER, 307 Taylor Street, Americus, Georgia, 31709, .

9.

MARGARET McGRUTHER, who at all times relevant herein, is Caucasian and the Executive Director ("Defendant McGRUTHER") of SOUTHWEST GEORGIA VICTIM'S ASSISTANCE ALLIANCE, INC. and therefore an agent, servant and employee of said Defendant and acting within the scope of her employment as its chief executive officer, is also being sued in her representative and individual capacities. Defendant McGRUTHER may be served by delivering a copy of the Summons and Complaint to its agent for service of process, MARGARET McGRUTHER, 307 Taylor Street, Americus, Georgia, 31709,

### FACTS

10.

Plaintiff was employed by Defendant AGENCY beginning on November 17, 2017, and continuing until the date of her presumptive discharge in May of 2021.

11.

At all times relevant hereto, Plaintiff was employed as a mobile victim's

advocate and intake specialist/volunteer coordinator at Defendant AGENCY's facility located in Americus, Georgia and performed her job to the satisfaction of said defendant for approximately three and a half years.

12.

In June 2018, Defendant AGENCY made arrangements to allow a Caucasian coworker of plaintiff's, Ms. Eva Bass ("Co-worker Bass"), to obtain training in Augusta, Georgia to receive certification a Certified Peer Specialist ("CPS"). This training would have the effect of increasing an employee's value to the Defendant AGENCY, as well as, have the potential of qualifying the employee for job promotions and better compensation.

13.

Shortly after Co-worker Bass received or completed her aforementioned training, Plaintiff requested the opportunity of receiving the same training. In response, Plaintiff was told by Defendant McGRUTHER to find a training program that she was interested in and to make application so that she could attend the program's training sessions.

14.

Plaintiff promptly made application to a Certified Peer Specialist training program and was accepted to receive training that was scheduled to take place in Savannah, Georgia on October 15-25, 2018. However, for reasons that were not

explained to Plaintiff, Plaintiff was advised by Defendant McGRUTHER that there was no money in the budget to pay for her to attend the aforementioned training.

15.

On December 27, 2019, Plaintiff emailed Defendant McGRUTHER requesting if she could attend CPS training for the upcoming year and inquiring as to whether there were funds in the budget to allow that to happen. For reasons that are unknown to Plaintiff, Plaintiff got no response.

16.

On January 16, 2020, Plaintiff once again sent an email to Defendant McGRUTHER about receiving the CPS training. In response, Defendant McGRUTHER stated that she would take a look, but because it was not part of the Defendant AGENCY's budget, she was uncertain as to whether Plaintiff would be able to receive the requested training. Notwithstanding the foregoing alleged uncertainty as to condition of the Defendant AGENCY's budget, Defendant McGRUTHER requested that Plaintiff provide her with the dates of training that Plaintiff would be interested in attending, along with the location and projected expense amount.

17.

In response to the foregoing request by Defendant McGRUTHER, Plaintiff provided her with the dates and locations of the next CPS training sessions that

plaintiff was interested in attending, which was to begin on May 11, 2020 in Augusta, Georgia.

18.

Due to Plaintiff's interest in obtaining the requested training, Plaintiff explained to Defendant McGRUTHER that if the cost was not able to be covered by the defendant AGENCY that Plaintiff would pay her own way and cover all expenses. In response, Defendant McGRUTHER then advised Plaintiff that plaintiff and she would talk about scheduling and cost later.

19.

On January 30, 2020, Defendant McGRUTHER came to Plaintiff's office to discuss the CPS training. At that time Defendant McGRUTHER explained that CPS training was not covered under a grant that had been awarded to the Defendant AGENCY, and that it was not an allowable cost. In addition, Defendant McGRUTHER explained that allowing Plaintiff to attend the aforementioned training sessions would cause Co-worker Bass to be left alone in the office.

20.

In addition, Defendant McGRUTHER also mentioned that should Plaintiff attend the aforementioned training sessions, Director McGruther would be concerned for the welfare of Plaintiff's 8 year old son while Plaintiff was away receiving the CPS training.

21.

On Friday, January 31, 2020, Plaintiff sent Defendant McGRUTHER a follow-up email regarding their earlier conversation about Plaintiff's desire to attend CPS training and explained to Defendant McGRUTHER that Co-worker Bass, was allowed to attend a CPS Conference that took place at St. Simon's Island, Georgia on August 20-22, 2019, an event which was separate and different from the CPS training that Co-worker Bass had allowed attend in June of 2019. Plaintiff's purpose in reminding Defendant McGRUTHER of the foregoing accommodations was to illustrate that while Co-worker Bass was away attending both her CPS training as well as the CPS conference, Plaintiff was left alone to cover the office in this coworker's absence and that the Defendant AGENCY routinely utilized volunteers to help address the need of additional manpower whenever necessary.

22.

Due to the opposition of Defendant McGRUTHER, Plaintiff reluctantly stated that she would no longer worry about receiving the CPS training.

23.

On February 26, 2020, Plaintiff suffered an injury while in the course of her employment with Defendant AGENCY. As a result, Plaintiff brought a Worker's Compensation claim against Defendant AGENCY. The Defendant AGENCY responded to the aforementioned claim on March 19, 2020.

24.

After Plaintiff was released by her physician to return to work without any restrictions, Plaintiff's medical provider notified Defendant AGENCY on May 4, 2020 that Plaintiff no longer needed to be on medical leave and, in connection therewith, Plaintiff inquired as to what instructions she was to follow regarding matters such as the date and time that she should return to work.

25.

The manner in which Plaintiff sought to notify her supervisor of her readiness to return to work was accomplished by sending at least three (3) separate emails, as well as, a text messaging program by way of Plaintiff's cellular telephone service.

26.

Despite Plaintiff's aforesaid efforts, Defendant McGRUTHER nor anyone connected with the Defendant AGENCY responded to Plaintiff's emails or text messages, nor returned any of Plaintiff's recorded telephone messages.

27.

On June 25, 2020, Plaintiff sent a certified letter to Defendant McGRUTHER in an effort to obtain the information that plaintiff's previous emails and text messages had failed to generate.

28.

In Defendant McGRUTHER's response to Plaintiff's aforementioned certified

letter, dated July 1, 2029, Defendant McGRUTHER stated that Plaintiff had not been terminated, but that there was no work available for Plaintiff to do.

29.

Plaintiff's constructive termination was due to: (a) her aggrieved disability and in retaliation for her decision to file an action against the Defendant AGENCY pursuant the Americans with Disabilities Act (ADA) for making the request to return to work as an accommodation; (b) her race, African-American; and (c) because of Defendant AGENCY's intention to retaliate against Plaintiff in response to her efforts to contest and protest against the racial discrimination that was being carried out by Defendant AGENCY's preferential treatment of Co-worker Bass,, as well as, for having engaged in other various forms and types of protected activity as set forth in 42 U.S.C. § 2000e et. seq.

30.

Defendant AGENCY's actions have been willful and have shown to amount to deliberate indifference to Plaintiff's rights, thus entitling Plaintiff to punitive damages.

31.

As a direct and proximate result of Defendant AGENCY's misconduct, Plaintiff has been grossly damaging, and as a consequence, she is entitled to the relief set forth in the Prayer for Relief below.

## CAUSES OF ACTION

### COUNT ONE
**(Race Discrimination by Defendant AGENCY for Retaliation in Connection with Filing a Claim under The Americans With Disabilities Act )**

Plaintiff realleges each and every allegations shown above and incorporates same within this Count One as though recited in its entirety.

32..

As a result of Defendant AGENCY's decision to terminate Plaintiff's employment, said defendant violated Title I of the ADA , and. in the course thereof, caused Plaintiff to suffer a loss of income and endue great pain and mental suffering.

### COUNT TWO
**(Race Discrimination by Defendant AGENCY )**

Plaintiff realleges each and every allegations shown above and incorporates same within this Count Two as though recited in its entirety.

33.

As a result of Defendant AGENCY 's refusal to accommodate Plaintiff's request for CPS training, said defendant violated Title VII of the 1964 Civil Rights Act and Title 42 U.S.C. § 1981 by discriminating against plaintiff on the basis of race, and. in the course thereof, caused Plaintiff to suffer a loss of income and endure great

pain and mental suffering. As a consequence, plaintiff is entitled to recover in excess of $50,000.00 as damages.

## COUNT THREE
### (Retaliation by Defendant AGENCY)

Plaintiff realleges each and every allegations shown above and incorporates same within this Count Three as though recited in its entirety.

34.

As a result of defendant's decision to terminate Plaintiff's employment, defendant violated Title 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act by engaging in unlawful retaliation against Plaintiff, and. in the course thereof, caused Plaintiff to suffer a loss of income and endure great pain and mental suffering.

## COUNT FOUR
### (Retaliation by Defendant AGENCY)

Plaintiff realleges each and every allegations shown above and incorporates same within this Count Four as though recited in its entirety.

35.

As a result of Defendant AGENCY's decision to terminate Plaintiff's employment, said defendant violated Title VII of the 1964 Civil Rights Act and Title 42 U.S.C. § 1981 by engaging in unlawful retaliation against Plaintiff, and. in the

course thereof, caused Plaintiff to suffer a loss of income and endure great pain and mental suffering. As a consequence, plaintiff is entitled to recover in excess of $100,000.00 as damages.

## COUNT FIVE
### (Tortious Interference of Contractual Relations by Defendant McGRUTHER)

Plaintiff realleges each and every allegations shown above and incorporates same within this Count Five as though recited in its entirety.

36.

As a result of Defendant McGRUTHER's participation in a conspiracy to bring about Plaintiff's termination, as well as, her refusal to properly treat Plaintiff in the course of Plaintiff's employment with Defendant AGENCY, said defendant tortiously interfered with the contractual relations, and. in the course thereof, caused Plaintiff to suffer a loss of income and endure great pain and mental suffering.

## COUNT SIX
### (Breach of Contract by Defendant AGENCY)

Plaintiff realleges each and every allegations shown above and incorporates same within this Count Six as though recited in its entirety.

37.

As a result of Defendant AGENCY's refusal to properly and fairly treat plaintiff in the same manner that it accords Caucasian employees, said defendant breached its contract with Plaintiff, and. in the course thereof, caused plaintiff to suffer a loss of income.

## COUNT SEVEN
### (Race Hatred and Harrassment by Defendants McGRUTHER and AGENCY )

Plaintiff realleges each and every allegations shown above and incorporates same within this Count Seven as though recited in its entirety.

38.

As a result of Defendants McGRUTHER's and AGENCY's decision to terminate Plaintiff's employment and the events leading up to Plaintiff's termination, said defendants engaged in acts of racial hatred and harassment, and. in the course thereof, caused Plaintiff to suffer great mental pain and suffering. As a consequence, plaintiff is entitled to recover in excess of $150,000.00 as damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the following relief be granted including monetary damages according to the proof submitted at the time of trial and;

(a) That process issue;

(b) That Defendants be served with summons and complaint;

(c) That Plaintiff have and recover of Defendants back pay;

(d) That Plaintiff have and recover of Defendants front pay;

(e) That Plaintiff have and recover of Defendants compensatory damages for pain and suffering;

(f) That Plaintiff have and recover of Defendants punitive damages in an amount to deter their misconduct in the future;

(g) That Plaintiff have and recover of Defendants her attorney's fees and costs of bringing this action;

(h) Such other relief as this Court or the finder of fact may deem equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

THE C.B. KING LAW FIRM

BY: _____
Chevene B. King, Jr.
Attorney for Plaintiff

Prepared by:
Chevene B. King, Jr.
Post Office Drawer 3468
Albany, Georgia 31706
(912)436-0524
State Bar No.: 420105